# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| RICHARD C. BYRD, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION 21-0190-WS-B ) |
| THE CITY OF SELMA, | ) ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on Defendant's Motion to Set Aside Entry of Default (doc. 9) and Defendant's Supplement to Motion to Set Aside Entry of Default (doc. 12).

On April 19, 2021, plaintiffs, Richard C. Byrd, Willie J. Mason, Jr., and Aeneas L. Pettway, filed a Complaint (doc. 1) against The City of Selma alleging violations of the overtime compensation requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* A return of service reflected that plaintiffs had perfected service of process on the City by personal service on the City Clerk, Ivy Harrison, via process server on April 26, 2021. (*See* doc. 5.) Notwithstanding service of process, the City failed to appear, plead or otherwise defend in these proceedings for a period well exceeding the prescribed 21-day deadline for filing an answer or Rule 12(b) motion. Accordingly, upon application by plaintiffs, the Clerk of Court issued a Clerk's Entry of Default (doc. 7) on June 9, 2021, entering default against the City pursuant to Rule 55(a), Fed.R.Civ.P., for failure to plead or otherwise defend.

Less than one week later, on June 15, 2021, outside counsel filed a Notice of Appearance (doc. 8) on behalf of the City and, later that same day, a Motion to Set Aside Entry of Default pursuant to Rule 55(c) and an Answer (doc. 10) to the Complaint. As grounds for the Motion to Set Aside, the City explained that, because of an oversight relating to resources being focused on other pressing matters as well as a dispute with its insurance carrier over the existence *vel non* of coverage for plaintiffs' claims, the City had inadvertently failed to respond to the Complaint in a timely manner. According to the Motion, the City first received notice of the Clerk's Entry of

Default on June 14, 2021, just one day before the City filed its Motion to Set Aside. On June 17, 2021, the City filed a Supplement confirming that "Plaintiff's counsel has graciously agreed not to contest the City of Selma's motion to set aside." (Doc. 12, PageID.62.)[1]

As a general proposition, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) ("Because of our strong policy of determining cases on their merits, … default judgments are generally disfavored.") (citation and internal quotation marks omitted). The Federal Rules of Civil Procedure provide that a court "may set aside an entry of default for good cause." Rule 55(c), Fed.R.Civ.P. The Eleventh Circuit has explained that, in this context, "'good cause' is not susceptible to a precise formula …. [C]ourts generally consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (citations omitted). "Also relevant to whether good cause exists is whether the defaulting party promptly corrected the default." *Parker v. U.S. Bank Nat'l Ass'n*, 580 Fed.Appx. 776, 777 (11th Cir. Sept. 18, 2014).

Based on the facts and circumstances presented, the Court readily determines that the City has met its burden of showing the requisite good cause to set aside its default. The City's failure timely to appear and defend in this matter appears have been the product of a simple oversight by an overextended City Attorney whose attention was focused elsewhere. Moreover, setting aside the default would plainly work no prejudice on plaintiffs; indeed, plaintiffs have agreed not to oppose the City's request to set aside the default. It appears that the City may have meritorious defenses to plaintiffs' FLSA claims, inasmuch as the City's now-stricken Answer denies all material allegations of the Complaint and advances affirmative defenses to plaintiffs' claims. Finally, the City moved promptly to set aside the default, filing its Rule 55(c) Motion less than a week after the Clerk's Entry of Default and the very next day after receiving notice of the entry of such default against it.

---

[1] Plaintiffs' counsel confirmed the accuracy of this representation via a Response (doc. 13) filed on June 22, 2021.

For all of these reasons, as well as the federal courts' strong policy of resolving disputes on the merits, the Court is satisfied that the requisite "good cause" exists under Rule 55(c) to set aside the default. Accordingly, Defendant's Motion to Set Aside Entry of Default (doc. 9) is **granted**. The Clerk's Entry of Default (doc. 7) is hereby **set aside** pursuant to Rule 55(c), Fed.R.Civ.P. Because the City's previously-filed Answer was stricken by Order (doc. 11) dated June 16, 2021, defendant is **ordered** to file its answer or other responsive pleading on or before **July 22, 2021**.

DONE and ORDERED this 7th day of July, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE